UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

00 NOV 14 PM 3:39

CLERK, U.S. DIST. CT.
S.D. OF FLA.-FTL

UNITED STATES OF AMERICA,    CASE NUMBER 00-6293-CR-FERGUSON
                             MAGISTRATE JUDGE SNOW
    Plaintiff,

vs.

CLEMENTE ALEXIS,

    Defendant.
_____/

### MOTION FOR PRETRIAL JAMES HEARING AND MOTION FOR PRETRIAL HEARING TO DETERMINE ADMISSIBILITY OF CO-DEFENDANTS' OUT-OF-COURT STATEMENTS

COMES NOW the Defendant, CLEMENTE ALEXIS, by and through his undersigned counsel and respectfully moves this Honorable Court for an Order requiring the Government to establish the existence of a conspiracy in which the Defendant is alleged to have participated and, further, pursuant to Rule 104(A) of the Federal Rules Of Evidence that any statements the Government wishes to attribute to the Defendant either as direct or vicarious admissions were made during and in furtherance of any conspiracy and/or whether those of Co-Defendants are appropriately admissible pursuant to the guidelines as set forth in <u>United States vs. James</u>, 590 F.2d 575





(5th Cir.) *en banc*, *cert. denied*, 442 U.S. 917 (1979). In support of said motion, Defendant states as follows:

1. In Count I, the Defendant, CLEMENTE ALEXIS, together with other named Defendants is charged with conspiracy to violate Title 21, Section 846.

2. Count I of the Indictment alleges that the Defendant did knowingly and intentionally combine, conspire, confederate and agree together with each other and other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute quantities of controlled substances.

3. That the allegations contained in the Indictment as to Count I indicate that the Government will attempt to introduce, pursuant to Rule 801(d)(2)(E), Federal Rules Of Evidence, out-of-court statements by alleged co-conspirators against this Defendant at trial.

4. It is therefore appropriate, in light of the Government's intention, to introduce statements and to create the belief that a conspiracy existed that the procedures mandated by <u>United States vs. James</u>, *supra*, be applied by this Court prior to the introduction of these statements before the jury, in order to determine whether the Government is able to show, by substantial

evidence, independent of conversations themselves, that these purported conspiracies existed and that this Defendant was a member thereof, and, further, that the declarations were made during the course and in furtherance of said conspiracy.

5. The pretrial determination of these issues might very well indicate the necessity of granting this Defendant a severance from the trial of the remaining Co-Defendants.

6. For all of these reasons, the Defendant submits that the most appropriate method of safeguarding his right to a fair trial is for this Honorable Court to set aside time for a pretrial evidentiary hearing, at which time the Government will be required to demonstrate whether they can meet the threshold requirements as set forth in *James*, *supra*.

7. That the Government has sought by the manner and nature of their Indictment to take independent alleged transactions within a given municipality as being connected in some fashion without the required nexus being established that an agreement between the parties existed.

WHEREFORE, the Defendant respectfully requests a pretrial hearing to determine the issues as set forth above.

I HEREBY CERTIFY that a copy of the foregoing has been furnished, by mail, this 14TH day of November, 2000 to: Bruce O.

3

Brown, Assistant U.S. Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33394; Timothy Day, Federal Public Defender's Office, Attorneys for Marion McLeod, 101 NE 3rd Avenue, Suite 202, Fort Lauderdale, FL 33301-1145; David J. Joffe, Attorney for James Alce, 2900 Bridgeport Avenue, Suite 401, Coconut Grove, FL 33133; Richard F. Della Fera, Attorney for Gary Williams, Entin & Margules, 200 E Broward Boulevard, Suite 1210, Fort Lauderdale, FL 33301; Michael G. Smith, Attorney for Damon Walters; David Paul Hodge, Attorney for Curtis Jones, 727 NE 3rd Avenue, Suite 100, Fort Lauderdale, FL 33304.

        LYONS AND SANDERS CHARTERED
        Counsel for Defendant
        600 NE Third Avenue
        Fort Lauderdale, FL 33304
        Telephone: (954)467-8700
        Facsimile: (954)763-4856

        BY: _/s/ Howard L. Greitzer_
        HOWARD L. GREITZER
        FLORIDA BAR NO. 249505