UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 00-6293-CR-FERGUSON/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CLEMENTE ALEXIS,

    Defendant.
_____/



### DEFENDANT'S OBJECTIONS AND SENTENCING MEMORANDUM AND BRIEF IN SUPPORT OF SENTENCING MITIGATION AND/OR DOWNWARD DEPARTURE

COMES NOW the Defendant, CLEMENTE ALEXIS, by and through his undersigned counsel and files this his Objections to the Presentence Investigation Report (hereinafter referred to as "PSR") and submits his own Sentencing Memorandum And Brief In Support Of Sentencing Mitigation And/Or Downward Departure and as grounds therefor states as follows:

1. Defendant objects to the determination that he has a criminal history category of IV and specifically objects to Paragraph 58 wherein Guideline Points, under §4A1.1(a), of 3 are applied as against this Defendant in that the transaction referred

to involved one (1) cocaine rock purportedly given by a co-defendant to the undercover detective. This offense occurred when the Defendant was aged 17. Further, the Defendant contends that §4A1.3 applies when a "defendant's criminal history category significantly over-represents the seriousness" of the criminal history. It is further suggested that §4A1.3 has no limiting language and is, thus, the most flexible departure authority for this Court to rely upon. See United States vs. Weaver, 920 F.2d 1570 (11th Cir. 1991). See United States vs. Webb, 139 F.3d 1390 (11th Cir. 1998). Further, the Defendant suggests that the nature of his offender status and the committed predicate offenses giving rise to additional category points occurred when he was relatively young. This an appropriate area for departure under United States vs. Bowser, 941 F.2d 1019 (10th Cir. 1991).

2. As an additional basis for departure, Defendant further submits that, though previously having been ordered to Boot Camp as a result of his conviction set forth in Paragraph 58 of the PSR, he was not granted medical clearance due to his preexisting cardiogram.

3. The Defendant further objects to the calculation rendering him having 9 criminal history points and/or a criminal history category of IV as stated in Paragraph 69 based upon the above

submission that the nature of his criminal offenses overstates the seriousness of action for which he was convicted. That the Defendant would respectfully submit that a departure to a category III, rather than a category IV, and the Court imposing a low-end sentence in light of the five (5) year minimum mandatory that he is facing and, thus, the imposition of a sixty (60) month sentence with credit for time previously served would adequately serve the purpose considering the nature and scope of the entire Indictment in this cause and the circumstances and pleas as entered by the co-defendant in this cause.

4. That the continued application of crack cocaine guidelines over powder cocaine unreasonably and unjustifiably enhances the penalties for this Defendant. That §2D1.1, level 26 is the same for up to two (2) kilos of cocaine or up to two thousand (2,000) grams of powder versus the nine (9) grams of crack cocaine attributed to this Defendant.

WHEREFORE, the Defendant, CLEMENTE ALEXIS, respectfully requests this Honorable Court:

A. To determine the actions giving rise to the instant Indictment coupled with his prior criminal history and the imposition and application of the Federal Sentencing Guidelines overstates the seriousness of the underlying conduct. That the

Court impose a sentence pursuant to level 23 and to depart as to his criminal history category and to impose a sentence not to exceed sixty (60) months which would be the equivalent to the minimum mandatory in this cause; and

B. To recommend that the Defendant receive alcohol and/or drug treatment while incarcerated and be provided with whatever vocational and/or educational opportunities exist within the Bureau Of Prisons.

I HEREBY CERTIFY that a copy of the foregoing has been furnished, by mail, this __16th__ day of July, 2001 to Bruce O. Brown, Assistant U.S. Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33394; and to Frances Weisberg, U.S. Probation Officer, 299 East Broward Boulevard, Room 409, Fort Lauderdale, FL 33301-1168.

> LYONS AND SANDERS CHARTERED
> Counsel for Defendant
> 600 NE Third Avenue
> Fort Lauderdale, FL 33304
> Telephone: (954)467-8700
> Facsimile: (954)763-4856
>
> BY: _____
> HOWARD L. GREITZER
> FLORIDA BAR NO. 249505